```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


ROBERT THOMPSON,                  :
                                  :
        Plaintiff,                :
                                  :
     v.                           :    CASE NO. 3:13-cv-1357(RNC)
                                  :
PETER MURPHY, et al.,             :
                                  :
        Defendants.               :
```

**<u>INITIAL REVIEW ORDER</u>**

Plaintiff Robert Thompson, currently incarcerated at MacDougall-Walker Correctional Institution, brings this action <u>pro se</u> pursuant to 42 U.S.C. § 1983 alleging various claims. Named as defendants are:  Warden Peter Murphy, Lieutenant Paine, Mailroom Supervisor Digennaro, Officer Allen, Officer Concepcion, Hearing Officer Lieutenant Deville, Lieutenant Roy and Officer Thompson.  After conducting the screening required by 28 U.S.C. § 1915A, the Court concludes that the plaintiff's claims of mail tampering against defendants Murphy, Digennaro, Paine, Allen and Concepcion should proceed.  All other claims are dismissed.

I.   <u>Plaintiff's Allegations</u>

The amended complaint alleges the following.  On June 5, 2012, the plaintiff mailed two envelopes marked as legal mail addressed to the Connecticut State Police headquarters in

Bridgeport and Channel 8 News in New Haven.  Both envelopes contained the plaintiff's complaint against several New Haven police officers and requested that an investigation be conducted and charges filed against the officers.  Although the plaintiff was not on mail review or restriction, the envelopes were opened outside his presence and the contents were confiscated as contraband and destroyed.  The same day, the plaintiff received a disciplinary report for security tampering.  He was found guilty and the decision was sustained on appeal.  Among other sanctions, he lost ten days of good time credit.  He submitted grievances and letters regarding this incident to various persons including Warden Murphy.

The amended complaint alleges other instances of interferences with the plaintiff's legal mail.  In April 2012, the mailroom allegedly refused to send certified mail containing summons forms to a state marshal.  On June 20, 2012, the plaintiff tried to send a certified letter to the FBI but the mailroom refused to mail the letter.  In November 2012, a state court case filed by the plaintiff was dismissed for failure to comply with court orders.  The mailroom had held the plaintiff's submission causing it to be received late by the state court.  On May 20, 2013, the plaintiff sent a letter marked as legal mail to Attorney McGuire at the ACLU complaining about issues with the

mailroom.  On May 30, 2013, the letter was returned opened.  It had been marked "return to sender."  The same day, he was given an unopened incoming letter from another attorney and was able to mail other letters.

## II. Analysis

### A. Claims for Interference with Legal Mail

The Court concludes that the claim for damages for mail tampering in violation of the First Amendment will proceed against the following defendants in their individual capacities: Murphy and Digennaro, who are specifically referenced in the amended complaint, and defendants Allen, Paine and Concepcion, who are alleged to be mailroom staff (ECF No. 11).  To the extent the plaintiff seeks damages against the defendants in their official capacities, however, the claims are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159 (1985); Quern v. Jordan, 440 U.S. 332, 342 (1979).  Accordingly, any such claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

### B. Claims for Denial of Due Process

Plaintiff's due process challenge to the disciplinary action is dismissed.  The Supreme Court has held that, if a determination favorable to the plaintiff in a section 1983 action "would necessarily imply the invalidity of his conviction or sentence," the plaintiff must prove that the conviction or

3

sentence has been reversed on direct appeal or declared invalid before he can recover damages under section 1983.  Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  This same rule applies to challenges used in prison disciplinary proceedings when the inmate has forfeited good time credit as a disciplinary sanction. See Edwards v. Balisok, 520 U.S. 641, 644-47 (1997).  "[A]n inmate's sole judicial remedy for restoration of good time credits is a writ of habeas corpus."  Laws v. Cleaver, 140 F. Supp. 2d 145, 153-54 (D. Conn. 2001).

   The plaintiff alleges that he lost ten days of credited time as the result of the challenged disciplinary action.  Compl. (ECF No. 11-2) at 2.  The Court assumes that the plaintiff refers to Risk Reduction Earned Credit, the replacement for earned good time credit.  Before bringing an action for damages under section 1983 that would necessarily imply the invalidity of the revocation of his good time credits, the plaintiff must invalidate the disciplinary proceeding by writ of habeas corpus. As the plaintiff does not allege that he has done so, his claim for damages under section 1983 is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

                              **ORDERS**

   The Court enters the following orders:

   (1)  The section 1983 claims for damages for interference

                                   4

with outgoing mail in violation of the First Amendment against defendants Murphy, Digennaro, Paine, Allen and Concepcion will proceed against these defendants in their individual capacities. All other claims are dismissed.  **No other claims will be allowed except pursuant to an order granting a properly filed motion for leave to file a second amended complaint.  No such motion will be accepted by the Clerk unless the defendants have appeared in the case and the plaintiff certifies that the motion has been served on them.**

(2)   Within fourteen (14) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Murphy, Digennaro, Paine, Allen and Concepcion, and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)   The Clerk shall send a courtesy copy of the Amended

Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

 (4) Defendants shall file their response to the Amended Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

 (5) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

 (6) All motions for summary judgment shall be filed within eight months (240) days from the date of this order.

 (7) Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

 (8) **If the plaintiff's address changes** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court.  Failure to do so can result in

the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS**" on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case number in the notification of change of address.  The plaintiff should also notify the defendants or the attorney for the defendants, if appropriate, of his or her new address.

    **SO ORDERED** at Hartford, Connecticut, this 26th day of December 2013.

                                                /s/RNC
                                      Robert N. Chatigny
                                United States District Judge